IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHAWN W. KERRIGAN, ) | |
| ) | |
| Petitioner, ) | Case No. CV-06-245-S-BLW |
| ) | |
| v. ) | **MEMORANDUM DECISION** |
| ) | **AND ORDER** |
| JEFF CONWAY, Warden, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

## INTRODUCTION

Before the Court is Idaho state prisoner Shawn W. Kerrigan's Petition for Writ of Habeas Corpus. United States Magistrate Judge Mikel H. Williams conducted an initial review of the Petition and concluded that it appeared to be untimely. Petitioner was given an opportunity to file a response to the Initial Review Order, which he has now done.

Having reviewed the pleadings and the record herein, this Court agrees that the Petition was not timely filed. The Court further concludes that Petitioner has not provided a valid reason to excuse the untimely filing, and this matter shall be dismissed.

## BACKGROUND

In 1991, Petitioner pled guilty to an aggravated battery charge, stemming from a traffic incident during which he shot and severely injured an Idaho State Trooper. The state court judge sentenced Petitioner to fifteen years in prison with the first ten years fixed. The judge then enhanced this sentence twice, once based on the victim's status as a law enforcement officer (Idaho Code § 18-915) and a second time based on Petitioner's use of a deadly weapon during the crime (Idaho Code § 19-2520). The total unified sentence was forty-five years, with the first forty years fixed.

Petitioner appealed, claiming that his sentence was excessive and that police officers should not have been permitted to testify at the sentencing hearing. He did not challenge the sentencing enhancements in that appeal. In 1993, the Idaho Court of Appeals affirmed. *State v. Kerrigan*, 849 P.2d 969 (Idaho Ct. App. 1993). Petitioner filed a Petition for Review in the Idaho Supreme Court, which was denied.

Petitioner did not have any matters pending in state court until he filed a Motion to Correct an Illegal Sentence in November 2003. For the first time, he argued that the state district court judge lacked the authority to enhance his sentence twice. The district court denied that Motion, and the Idaho Court of Appeals affirmed. The Idaho Supreme Court accepted review and issued a

**Memorandum Decision and Order - 2**

published opinion affirming the denial of relief. *State v. Kerrigan*, 141 P.3d 1054 (Idaho 2006).

Petitioner initiated this habeas action on June 21, 2006. He alleges that his Fifth Amendment right against double jeopardy was violated when the state court added the multiple enhancements to his sentence.

## STANDARD OF LAW

A district court is required to review a habeas petition upon receipt to determine whether it is subject to summary dismissal. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases. A court may summarily dismiss a petition when it is clear that the petitioner has not complied with the one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA), if the court has given the petitioner notice of the defect and an opportunity to respond. *See Day v. McDonough*, 126 S.Ct. 1675, 1684 (2006).

The one-year limitations period generally runs from the date on which the petitioner's judgment of conviction became final in state court, either upon completion of direct review or after the time for seeking an appeal has expired. 28 U.S.C. § 2244(d)(1)(A). Petitioners whose state court judgments became final

**Memorandum Decision and Order - 3**

before AEDPA was enacted had until April 24, 1997, in which to file a federal petition. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).

The statute provides tolling (stopping) of the limitations period for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The limitations period also may be tolled for fairness reasons when exceptional circumstances are present ("equitable tolling"). *See, e.g., Shannon v. Newland*, 410 F.3d 1083, 1089-90 (9th Cir. 2005). A litigant seeking equitable tolling bears the burden of establishing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DeGuglielmo*, 544 U.S. 408, 418 (2005).

## DISCUSSION

In the present case, Petitioner's direct appeal was completed in 1993. Although he had a grace period after AEDPA's enactment to file a habeas petition–until April 24, 1997–he waited until 2006. Petitioner has not shown that any state court matters were pending between 1993 and 2003, and, consequently, statutory tolling of the limitations period under 28 U.S.C. § 2244(d)(2) is not applicable. He also does not argue that the period should be tolled for equitable reasons. Instead, Petitioner claims that his untimeliness should be excused because

he is "actually innocent" of the sentence that he is currently serving. He asks the Court to apply the actual innocence exception that has developed under the doctrine of procedural default to the statute of limitations context, and to then extend it further to include a claim of innocence related to Petitioner's *sentence* rather than the commission of the underlying crime. The Court is not persuaded.

It is true that if a habeas petitioner can demonstrate a fundamental miscarriage of justice, meaning that new reliable evidence demonstrates that he is probably innocent of the crime for which he was convicted, then a procedural default will be excused in a habeas proceeding. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). A defaulted claim may also be heard in a *death penalty case* when the petitioner can show by clear and convincing evidence that he is "innocent" of the facts that support the death sentence. *Sawyer v. Whitley*, 505 U.S. 333, 346-47 (1992). But the Supreme Court has neither extended the fundamental miscarriage of justice exception to claims of actual innocence of a non-capital sentence, *see Dretke v. Haley*, 541 U.S. 386, 392-93 (2004), nor has it or the Ninth Circuit Court of Appeals yet recognized that a petitioner's claim of actual innocence can be a reason to excuse noncompliance with AEDPA's statute of limitations. *Cf. Majoy v. Roe*, 296 F.3d 770, 777 (9th Cir. 2002) (declining to decide whether there is such an exception and instead remanding to the district court to consider the quality of

**Memorandum Decision and Order - 5**

the evidence in the first instance).

In any event, such an exception, if it existed, would not be available to Petitioner.  To be eligible for relief, he must demonstrate his *factual* innocence. *Schlup v. Delo*, 513 U.S. 298, 327 (1995).  Petitioner does not argue that he is innocent of the facts used to enhance his sentence; rather, he claims that state law did not give the state district court the authority to stack the enhancements.  This is a claim of legal insufficiency, not factual innocence.

Furthermore, on the merits, Petitioner essentially asks this Court to find that the Idaho Supreme Court erred when it concluded that Idaho state law allowed for the imposition of the sentencing enhancements.  *State v. Kerrigan*, 141 P.3d 1054 (Idaho 2006).  Federal habeas corpus relief is "unavailable for alleged errors in the interpretation or application of state law." *Peltier v. Wright*, 15 F.3d 860, 861 (9th Cir.1994) (citation and quotation marks omitted); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").  Despite Petitioner's challenge to the logic and correctness of the Idaho Supreme Court's decision, this Court cannot second guess the state court's interpretation of Idaho law unless "it appears that its interpretation is an obvious subterfuge to evade consideration of a federal issue." *Peltier*, 15 F.3d at 862 (citing *Mullaney v.*

**Memorandum Decision and Order - 6**

*Wilbur*, 421 U.S. 684, 691 (1975).  The Court finds no subterfuge here.

For these reasons, it plainly appears from the Petition and its attachments that Petitioner would not be entitled to relief in federal court, and this case shall be dismissed.  *See* Rule 4 of the Rules Governing Section 2254 Cases.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus is DISMISSED. (Docket No. 1).



DATED:  **February 21, 2007**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - 7**